## KOZLOWSKI v. CLEVE. RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8512.   Decided May 7, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**RAILROADS.**
(500 D2d)   Pasenger on street car who has paid fare and received transfer, and is waiting for car at transfer point, entitled to that degree of care which company as public carrier owes to passenger.

(500 D2e)   Street car company owes no duty to warn full grown woman that car turning corner will swing out.

**NEGLIGENCE.**
(370 C2)   Failure of pedestrian to pay attention to turning street car, such contributory negligence as to bar recovery for injuries from being struck by overhang.

Error to Common Pleas.

Judgment affirmed.

Payer, Minshall, Karch & Kerr, Cleveland, for Kozlowski.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

### STATEMENT OF FACTS.

In the action below the plaintiff in error was plaintiff and brought his action to recover damages for certain alleged personal injuries resulting to his minor daughter.   At the trial of the action, the jury brought in a verdict for the defendant.

We learn from the record that the daughter of plaintiff, the girl that was injured, was a young lady about eighteen years of age; that she was taking a commercial course in some school of this city, I believe on East 105th Street; that she lived on Superior Avenue near East 82nd Street and, in order to get to Superior Avenue she got on to an East 105th Street car and got a transfer on to Superior Avenue West and, at the junction of 105th Street and Superior Avenue she got off the street car and went into a store close by and bought some articles and immediately thereafter came out and went to the east side of East 105th Street, on the north side of Superior Avenue where a car was standing headed west; that she with some young ladies, probably students of the same school, sought to enter this car and they found that it was

not their car and they stood in the safety zone, whereupon this car was turned to the left on East 105th Street, there being a switch track both to the north and to the south, this particular car turning south, and that as the rear end of the car went forward, the car turning to the left on the switch track, the rear end swung out over the safety zone and "brushed" this young lady, from the effects of which she fell and was injured as alleged in the petition, whereupon the suit was brought as above stated.

VICKERY, J.

Now it is claimed that the court erred in his charge to the jury in two respects:

First:   That he did not give a special request by the plaintiff to the effect that the plaintiff was a passenger and the railroad company therefore owed her the highest degree of care commensurate with the proper operation of its cars.

The court refused to give this charge and gave the charge of ordinary care only.   We think this was an erroneous charge.   The record in this case shows that this young lady had paid her fare and had received a transfer and she left the 105th Street car and went to the place where she could get a car on Superior Avenue towards her destination, and we think there is an abundance of decisions which hold that under such circumstances the plaintiff would be a passenger and was entitled to that degree of care which railway companies and public carriers owe to a passenger, and had this been the only question in the case it was erroneous in our judgment to make this ruling, and the case should have been reversed, but the tendency of the courts and particularly of this court is not to reverse a case where substantial justice has been done, and the whole record must be taken into consideration, to arrive at that fact.

The other question that is before us that is important is the question of contributory negligence, and it must have been upon this theory of the case that the jury found against the plaintiff and we do not see any error in the charge of the court upon the question of contributory negligence, and if the jury found that she was guilty of contributory negligence which resulted in her injury then, of course, she would not be entitled to recover, irrespective of the erroneous charge on the question as to whether or not she was a passenger.

The evidence shows that the plaintiff was simply "brushed" by this car and by reason thereof she fell down.   Now that would mean that had she stepped back maybe six inches or a foot she would have been out of harm's way, and apparently without paying any attention, she stood in a danger zone, and was injured as she claims, if she was injured at all.   It was clearly her duty to keep her eyes open and to have her senses about her, to watch the operations of this car for, as already stated, she had information, and the record shows that one of her companions had gone into the car and learned that it was not their car, and therefore she must have known that this car was going to turn to the right or left.   Of course, if it had turned to the right she would have been safe from the overhang, but she could see that the car was turning to the left.   Now the overhang would then come into the space which was occupied by her and, therefore, it was her duty to pay some attention for her safety.   Apparently she paid no

attention and we think, therefore, that she was guilty of contributory negligence which would prevent her from recovering in this case and, as already stated, that was apparently the view the jury took of this.

Now there is much in the argument that it was only the Wade Park cars that regularly turned on this switch and went south on 105th Street. Just how that makes any difference we are unable to say. This car was marked 105th Street Station, but just how it would make any difference whether the car was a Wade Park car or a 105th Street car we are unable to see.

The Railroad Company was on its own track occupying the rails and they had the right to go over Superior Street on to the 105th Street tracks and what duty they violated to this plaintiff it is difficult to understand. They surely did not have to warn her, a full grown woman, that a car turning from one track running at right angles to another track would swing out. That could be easily seen and determined by the plaintiff as well as by anybody else.

On the whole record we think that substantial justice has been done and that there is no error in this record that should reverse this case because under all the circumstances we feel that the jury was right and that this plaintiff was not entitled to recover.

(Sullivan, PJ., and Levine, J., concur.)